```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
DOMINGO MORA,

                  Petitioner,         08 Civ. 1935 (RMB)(DFE)
                                      This is not an ECF case.
     - against -                      REPORT AND RECOMMENDATION
                                      TO JUDGE BERMAN
J. M. KILLIAN, [Warden of Federal
Correctional Institution Otisville],

                  Respondent.
------------------------------------x
```

DOUGLAS F. EATON, United States Magistrate Judge.

Domingo Mora is a citizen of the Dominican Republic. On February 3, 2004, he pleaded guilty to two counts in 03 Cr. 812 (WHP), and on March 25, 2004, Judge Pauley imposed a prison sentence of 70 months.

On February 27, 2008, Mora, who is confined at FCI Otisville, filed the instant *pro se* petition for habeas corpus under 28 U.S.C. §2241 *et seq*. He argues that the U.S. Bureau of Prisons ("BOP") is incorrectly calculating his good conduct time ("GCT").

On April 11, 2008, Assistant U.S. Attorney David Bober served a letter brief opposing the petition.

On April 24, 2008, Mora served a two-page reply. He said:

> ... Mora does not challenge[] the Federal
> Bureau of Prisons interpretation of 18 USC §3624(b);
> on the contrary Mora's grounds are about the
> capricious application of Program Statement 5350.28
> ... in conjunction with Program Statement 5884.03 ....

But those Program Statements, together with 28 C.F.R. §523.20, §544.71, and §544.73, are, in fact, the BOP's interpretation of 18 U.S.C. §3624. Mora's April 24 reply put quotation marks around words that he said were "indicated" in Program Statements 5350.28 and 5884.03. Those two Program Statements were not in the record, so I requested AUSA Bober to supply copies for the record. He sent copies to me and to Mora on May 16, 2008; these show that Mora quoted inaccurately: see Program Statement 5320.28 at page 10 and Program Statement 5884.03 at page 4.

AUSA Bober went further and served a 5/15/08 declaration from Cheryl A. Pauley, a BOP Policy and Correspondence Specialist (three pages plus Exhibits A through I). Ms. Pauley "audited the sentence computation for the petitioner," and her declaration explains in careful detail that the BOP has correctly calculated Mora's GCT, and that he is projected to be released on June 6, 2008, although of course he will then face a deportation hearing.

I am annexing, to my Report, Ms. Pauley's 5/15/08 declaration and also AUSA Bober's 5/16/08 letter brief. For the reasons set forth in those two documents, it is clear that the BOP accurately followed the terms of its regulations and program statements, and that the BOP's interpretation of 28 U.S.C. §3624 is not capricious. Mora participated in literacy programs until April 2005, but then chose to stop participating. Therefore, for his last three years, he received an annual award of 42 days of good conduct time, rather than the maximum of 54 days. Mora's April 24 reply does not challenge a central part of AUSA Bober's April 11 letter brief (at page 6):

> ... [T]he BOP was free to determine, for example, that inmates subject to a final order of removal are exempt from the GED requirements because they will be deported upon their release and therefore stand to gain little from an American high school equivalency degree. Moreover, the BOP could reasonably conclude that the immigration status of inmates like Mora, who may be placed in removal proceedings but who have not yet been ordered removed, is far from certain, given that the removal process can take years and that Mora may qualify for discretionary relief from removal, the grant of which is within the discretion of other agencies. Under Chevron, the Court is not permitted to substitute its judgment for that of the BOP with regard to how it chooses to grant exemptions, ....

Accordingly, **I recommend that Judge Berman deny Mora's petition.** Since the BOP will release Mora to the custody of immigration authorities on June 6, 2008, I direct AUSA Bober to determine Mora's new address and to send an extra copy of today's Report and Recommendation to Mora at that new address, with notice to Judge Berman.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, any party may object to this recommendation within 10 business days after being served with a

copy (i.e. **no later than June 20, 2008**) by filing written
objections with the Clerk of the U.S. District Court and mailing
copies (a) to the opposing party, (b) to the Hon. Richard M.
Berman, U.S.D.J. at Room 650, 500 Pearl Street, New York, NY
10007 and (c) to me at Room 1360, 500 Pearl Street. Failure to
file objections within 10 business days will preclude appellate
review. *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary
of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989) (per
curiam); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), and 6(e).
Any request for an extension of time must be addressed to Judge
Berman.

_____
DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007

Dated:    New York, New York
          June 3, 2008

Copies of this Report and Recommendation (and the annexed copies
of the 5/15/08 declaration of Cheryl A. Pauley and the 5/16/08
letter of AUSA David Bober) are being sent by mail to:

Domingo Mora #33172-054
(BEING RELEASED FOR DEPORTATION PROCEEDINGS;
  PLEASE FORWARD THIS ENVELOPE TO HIM)
Federal Correctional Institute
P.O. Box 1000
Otisville, NY 10963

David Bober, Esq.
Assistant U.S. Attorney
86 Chambers Street
New York, NY 10007

Hon. Richard M. Berman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DOMINGO MORA, :

                     Petitioner, :

       v. :              08-Civ-1935 (RMB) (DFE)

J.M. KILLIAN, Warden, : 5/15/08   Declaration of
                                                                                               Cheryl A. Pauley
                                         :

                    Respondent.
-----------------------------------------------------------X

        Cheryl A. Pauley hereby declares the following under penalty of perjury:

1. I am currently employed with the Department of Justice, Federal Bureau of Prisons as a Policy and Correspondence Specialist at the Designation and Sentence Computation Center (DSCC) in Grand Prairie, Texas. I have been employed with the Bureau of Prisons since July 1980. I have worked in the area of inmate sentence computations since 1984. I have been employed as a Policy and Correspondence Specialist at the DSCC since June 2006.

2. I have been assigned to review Petitioner's habeas petition regarding the award of good conduct time (GCT). Petitioner claims the Bureau has forfeited GCT as they have awarded only 42 days per each year served rather than the 54 days he claims he should receive. He further claims that, as a deportable alien, he is exempt from participation in literacy classes, and should receive the full award of GCT. I have audited the sentence computation for the petitioner, inmate MORA, Domingo, federal register number 33172-054.

3. Petitioner was sentenced on March 25, 2004, in the United States District Court, for the Southern District of New York, to a 70-month term with four (4) years supervised release for violation of Title 21, U.S.C. § 846, Narcotics Conspiracy and § 841(a)(1) and 841(b)(1)(B), Possession with Intent to Distribute Heroin. These offenses concluded on April 4, 2003, and the sentence was imposed pursuant to the Prison Litigation Reform Act (PLRA) of 1995. See ATTACHMENT A.

4.  The record reflects Petitioner is a citizen of the Dominican Republic. See ATTACHMENT B.

5.  In accordance with Program Statement 5100.08, Inmate Custody Classification and Security Designation, Petitioner has received the Public Safety factor of "Deportable Alien", due to his status as a non-U.S. citizen. There is no documentation in the file that Petitioner has received a final order of removal, deportation or exclusion, and he is pending participation in the Institution Hearing Program. See ATTACHMENTS C and D.

6.  The record reflects Petitioner does not have a GED or equivalent, and is not participating in classes and making satisfactory progress toward earning a GED credential or high school diploma. This is reflected in the Education History by the assignment "GED UNSAT". See ATTACHMENT E.

7.  In accordance with Program Statement 5884.03, Good Conduct Time Under the Prison Litigation Reform Act, and Title 18, U.S.C. § 3624(b), Petitioner is earning GCT at the rate of 42 days for each year served, prorated for the last partial year of service, as he has not earned and is not making satisfactory progress toward a GED. See ATTACHMENT F.

8.  Bureau Program Statement 4350.28, Literacy Program (GED Standard), indicates a sentenced deportable alien is not required to participate in the literacy program; however, they are still subject to the satisfactory progress literacy provision of the PLRA. See ATTACHMENT G.

9.  The record reflects Petitioner had participated in literacy programs during the two (2) initial consideration periods for award of GCT, April 3, 2003, through April 2, 2004, and from April 3, 2004, through April 2, 2005. He was awarded the maximum amount of 54 days GCT for those periods. See ATTACHMENTS E and H.

10. Petitioner was not participating in any literacy programs at the end of the GCT consideration periods in 2006, 2007, and 2008. Therefore, he received the reduced GCT award of 42 days for each of these periods. See ATTACHMENTS E and H.

11. Should Petitioner enroll in a literacy program, the annual rate of GCT would return to 54 days, prorated for the final year as indicated above. See ATTACHMENT I.

12. Petitioner's projected release date is June 6, 2008, via good conduct time release. See ATTACHMENT H.

13. In sum, Petitioner is correct in his assertion that P.S. 5350.28, Literacy Program (GED Standard), does not require a deportable alien to participate in the literacy program. However, this policy also provides, "Although sentenced deportable aliens are exempt from attending the literacy program for the mandated 240 instructional hours, they are still subject to the satisfactory progress literacy provision of the VCCLEA or the PLRA." See ATTACHMENT G.

14. As indicated previously, Petitioner's offenses occurred in 2003 and he is subject to the provisions of the PLRA. Although he is not required to participate in literacy programs by Bureau policy, and therefore is not subject to sanctions imposed by the Bureau for non-participation, he is required by statute to make satisfactory progress toward a GED or high school diploma in order to receive the maximum award of GCT.

I declare that the foregoing is true and correct pursuant to the penalties of perjury at 28 U.S.C. § 1746.

Dated: May 15, 2008

*Cheryl A. Pauley*

Cheryl A. Pauley
Policy and Correspondence Specialist
Designation and Sentence Computation Center
Grand Prairie, Texas

3



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

86 Chambers Street
New York, New York 10007

May 16, 2008

VIA HAND DELIVERY
Hon. Douglas F. Eaton
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1360
New York, NY 10007

                Re:    Mora v. Killian,
                       08 Civ. 1935 (RMB) (DFE)

Dear Judge Eaton:

     Respondent respectfully submits this letter in response to the April 24, 2008, letter of pro se plaintiff Domingo Mora (the "Mora Response"). As requested by the Court, enclosed with this letter are copies of Bureau of Prisons ("BOP") Program Statements 5350.28 and 5884.03, which relate to the BOP's GED program, literacy program, and good conduct time, and which are referenced in Mora's habeas petition. In addition, the Court requested that respondent address the meaning of the statement in the BOP's October 30, 2007, letter to Mora that because he has not received a final order of deportation, he is "still subject to the satisfactory progress literacy provision of the PLRA to be eligible for the maximum amount of GCT." See Habeas Petition Exhibit C. To that end, enclosed with this letter is a declaration (the "Declaration") signed by Cheryl A. Pauley, a policy and correspondence specialist for the BOP.

     Put simply, as explained in the Declaration, because Mora has been classified as a "deportable alien," see Declaration ¶ 5, he is exempt from the BOP's "Literacy Program," as codified at 28 C.F.R. § 544.71 and as explained in BOP Program Statement 5350.28. See Declaration ¶ 8. Therefore, he cannot be sanctioned for refusing to participate in the program. However, he is not exempt from the requirement that he make "satisfactory progress" toward a high school equivalency degree to be eligible for the maximum amount of good time credit, because he is not yet subject to a final order of removal. See Declaration ¶¶ 5, 8. Because an inmate who refuses to enroll in the BOP's Literacy Program is not considered to be making satisfactory progress toward a GED – see 28 C.F.R. § 544.73 – Mora, under 28 C.F.R. § 523.20, is eligible only for a maximum of 42 days of good conduct time per year, rather than 54.

     Mora states in his response that he is not challenging the BOP's interpretation of 18 U.S.C. § 3624, but rather the "capricious application" of BOP Program Statements 5350.28 and



5884.03. Mora Response at 1. But those Program Statements are, in fact, the BOP's interpretation of 18 U.S.C. § 3624. Program Statement 5884.03 explicitly states that its purpose is to "implement provisions of the Prison Litigation Reform Act of 1995 for awarding good conduct time," and that the objective of the statement is that "[g]ood conduct time for inmates sentenced under the PLRA will be awarded in accordance with [18 U.S.C. § 3624(b)]. See Program Statement 5884.03 at 1. Likewise, Program Statement 5350.28 makes clear that 28 C.F.R. § 544.73 – the C.F.R. provision that provides that inmates who refuse to participate in the Literacy Program shall not be considered to be making satisfactory progress toward a GED -- was enacted pursuant to 18 U.S.C. § 3624. See Program Statement 5350.28 at 28. For the reasons stated in respondent's letter to the Court of April 11, 2008, the Court owes Chevron deference to the BOP's regulations to the extent they interpret sentence-administration statutes in general, and 18 U.S.C. § 3624 in particular. See Respondent's April 11, 2008, letter at 4. Because the regulations are not arbitrary or capricious, the Court should reject Mora's challenge. See id. at 5.

In any event, Mora's challenge to Program Statements 5350.28 and 5884.03 is meritless. He appears to complain that it is "unreasonable[]" for the BOP to change an inmate's good-conduct-time rate from 42 to 54 days a year after his deportation hearing, because the hearing will likely not occur until after his sentence is completed, at which point the BOP will be unable to restore good conduct time. Congress has made clear that Mora has no right to have his deportation proceedings commence at any particular time. See 8 U.S.C. § 1229(d)(1) (providing that Attorney General shall begin removal proceedings "as expeditiously as possible after the date of conviction"); id. § 1229(d)(2) (providing that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person"). Moreover, if he wishes to be eligible for the full 54 days per year of good conduct time, he is free to enroll in a literacy program, at which point his good conduct time would be recalculated. Declaration ¶ 11.

Finally, in his response Mora also complains that respondent is "blind to the fact that an inmate's [delay] of one (1) day in filing any of the administrative appeals will bar the inmate from further process under administrative appeals." Mora Response at 2. But Courts have long recognized that inmates are required to follow established administrative procedures in pursuing their grievances; as the Supreme Court recently emphasized in holding that inmates must file timely administrative grievances to exhaust their remedies under the PLRA, prisoners are often "forced to comply with numerous unforgiving deadlines and other procedural requirements." Woodford v. Ngo, 126 S. Ct. 2378, 2393 (2006).

Accordingly, respondent respectfully submits that Mora's habeas petition should be denied.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By: _____
DAVID BOBER
Assistant United States Attorney
Telephone: (212) 637-2718

cc: Domingo Mora
# 33172-054
P.O. Box 1000
Otisville, NY 10963