USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/27/08

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
DOMINGO MORA,

                      Petitioner,

         - against -

J. M. KILLIAN, Warden of Federal Correctional
Institution of Otisville,

                      Respondent.
------------------------------------------------------------X

08 Civ. 1935 (RMB) (DFE)

**DECISION & ORDER**

**I.    Background**

On or about February 27, 2008, Domingo Mora ("Petitioner" or "Mora") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against J.M. Killian, Warden of the Federal Correctional Institution of Otisville ("Respondent"), "seeking restoration of [Petitioner's] Good Conduct Time ["Good Conduct Time"] forfeited by the Federal Bureau of Prisons ["BOP"] due to his lack of participation in" the BOP's "Literacy Program," as codified at 28 C.F.R. § 544.70 and explained in BOP Program Statement 5350.28.[1] (See Petition at 5.) Petitioner claims that he should have received fifty-four days of Good Conduct Time per year for each of his last three years of incarceration, rather than the forty-two days he received because "as a sentenced deportable alien, [Petitioner] is exempt from participation in the required Literacy Program." (Petition at 5a); (see also BOP Program Statement 5350.28 at 10.)

On or about April 11, 2008, Respondent submitted a letter brief opposing the Petition arguing, among other things, that Petitioner is not a "sentenced deportable alien" because he is

---

[1] Pursuant to 28 C.F.R. § 544.73, an inmate without a high school diploma who "refuses to enroll in the [BOP's] [L]iteracy [P]rogram" is not considered to be "making satisfactory progress toward a GED credential or high school diploma." See 28 C.F.R. § 544.73(b).

not "subject to a final order of removal" and, thus, is "not exempt from the GED requirement." (See Letter Brief from Assistant United States Attorney David Bober to the Honorable Douglas F. Eaton, dated Apr. 11, 2008 ("Respondent Brief"), at 5); (see also BOP Program Statement 5350.28 at 10.) On or about April 24, 2008, Petitioner submitted a reply arguing, among other things, that the BOP "capricious[ly] appli[ed]" its Program Statements in finding that Petitioner did not qualify as a "sentenced deportable alien." (See Domingo Mora Reply, dated Apr. 24, 2008 ("Reply"), at 1); (see also BOP Program Statement 5350.28 at 10; BOP Program Statement 5884.03 at 4.) On or about May 16, 2008, Respondent submitted the declaration of Cheryl A. Pauley, a BOP Policy and Correspondence Specialist, who stated that she had "audited the sentence computation for the [P]etitioner"; "there is no documentation . . . that Petitioner has received a final order of removal"; and Petitioner must participate in the Literacy Program "to receive the maximum award of [fifty-four days of] Good Conduct Time." (Decl. of Cheryl A. Pauley, dated May 16, 2008 ("Pauley Decl."), ¶¶ 2, 14.)

On June 3, 2008, United States Magistrate Judge Douglas F. Eaton, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report") recommending that the Court "deny [the] Petition" because "it is clear that the BOP accurately followed the terms of its regulations and [P]rogram [S]tatements" and that its application was "not capricious." (Report at 1–2.)

Judge Eaton advised that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, any party may object to this recommendation within 10 business days after being served with a copy (i.e. no later than June 20, 2008) by filing written objections with the Clerk of the U.S. District Court . . . ." (Report at 2–3) (emphasis omitted.) To date, neither party has submitted objections.

**For the reasons set forth below, the Court adopts the Report in its entirety and denies the Petition.**

## II. Legal Standard

The Court may adopt those portions of a magistrate judge's report to which "no specific, written objection" is made and which are not clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); Santana v. United States, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007). A district judge "may accept, reject or modify, in whole or in part, the finding or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); see also Grassia, 892 F.2d at 19; Santana, 476 F. Supp. 2d. at 302.

Where, as here, the petitioner is proceeding pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and "leniency is generally accorded," Bey v. Human Res. Admin., No. 97 Civ. 6616, 1999 WL 31122, at *2 (E.D.N.Y. Jan. 12, 1999).

## III. Analysis

The Court has conducted a review of the Report and applicable legal authorities and finds that Magistrate Judge Eaton's determinations and recommendations are neither clearly erroneous nor contrary to law. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).[2]

Judge Eaton properly determined that "the BOP has correctly calculated [Petitioner's] Good Conduct Time." Petitioner does not qualify as a "sentenced deportable alien" because he is not "subject to a final order of removal." (Report at 2.) Pursuant to BOP Program Statement 5350.28, "[a]n inmate is a sentenced deportable alien, and does not need to participate in the [L]iteracy [P]rogram if he/she is . . . under a final order of deportation, exclusion, or removal."

---

[2] Indeed, they are supported by the law in all respects.

(BOP Program Statement 5350.28 at 10) (emphasis added). "[T]he Supreme Court has indicated that it is appropriate for the BOP to interpret sentencing-administration statutes like [18 U.S.C. § 3624(b)]," and the BOP's "interpretation is . . . entitled to deference." See Sash v. Zenk, 439 F.3d 61, 64 (2d Cir. 2006) (citing Lopez v. Davis, 531 U.S. 230, 240 (2001); Reno v. Karay, 515 U.S. 50, 60-61 (1995)).

Judge Eaton also correctly concluded that the BOP's application of Program Statements 5350.28 and 5884.03 was "not capricious" because Petitioner "chose to stop participating" in the Literacy Program and "the BOP accurately followed the terms of its regulations and [P]rogram [S]tatements" by awarding Petitioner "[forty-two] days of [Good Conduct Time annually], rather than the maximum of [fifty-four] days." (Report at 2); (see also Pauley Decl. ¶ 9–11.)

### IV.   Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has made no such showing, and a certificate of appealability is neither warranted nor appropriate. See Lozada v. United States, 107 F.3d 1011, 1014–17 (2d Cir.1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259–60 (2d Cir.1997). Any appeal from this Order will not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

### V.   Conclusion and Order

For the reasons stated herein and therein, the Report is adopted in its entirety and the Petition is dismissed. The Clerk of Court is respectfully requested to close this case.

Dated: New York, New York
      June 27, 2008

_____
RICHARD M. BERMAN, U.S.D.J.